**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cr-00193-TWP-KPF |
| | ) | |
| MICHAEL D. FAUCETT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Michael Faucett's ("Mr. Faucett") Motion for Reduction in Sentence, (Filing No. 67), filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Because of concerns regarding the Coronavirus, Mr. Faucett asks the Court to reduce his sentence of imprisonment to time served. For the reasons explained below, Mr. Faucett's motion is **denied.**

## I.    BACKGROUND

In his Motion, Mr. Faucett argues that he is at significant risk of contracting and developing life-threatening complications from an exposure to COVID-19, because he suffers from diabetes, hypertension, asthma, obesity and is at an advanced age. (Filing No. 67 at 1.) Mr. Faucett contends these conditions place him at a heightened risk of suffering serious complications from COVID-19 and therefore create extraordinary and compelling reasons warranting his release from prison.

On October 12, 2011, Mr. Faucett was indicted on two counts of producing child pornography in violation of 18 U.S.C. § 2251(a) (counts one and two), and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (count three). (Filing No. 12.) On March 15, 2012, the Court accepted Mr. Faucett's plea of guilty, and sentenced him to a term of

360 months' imprisonment (180 months on each of counts one and two, consecutive, and 60 months on count three, concurrent to counts one and two), followed by a lifetime term of supervised release. (Filing No. 45.)

The factual basis for Mr. Faucett's guilty plea is harrowing. In March 2010, Mr. Faucett's daughter relocated from Florida to the area near his home in the Southern District of Indiana. (Filing No. 36 at 4.) She twice asked him to babysit her six-year-old daughter—his grandchild— in part to help her, but also so that Mr. Faucett and his granddaughter could get to know one another. *Id.* On both occasions, Mr. Faucett took nude photographs of his granddaughter while she slept. *Id.* at 3–4. The images depict Mr. Faucett touching his granddaughter's bare vagina with his tongue and penis. *Id.* At the time, Mr. Faucett knew he was infected with genital herpes. (Filing No. 49 at 40.) Police found these photographs, along with other images of grown men engaged in sexual contact with prepubescent girls, during a search of Mr. Faucett's computer. (Filing No. 36 at 5.)

Based on the seriousness of the offenses and his criminal history[1], the U.S. Sentencing Guidelines ("U.S.S.G.") called for a life sentence. (Filing No. 33 at 14; Filing No. 49 at 26.) The Government asked the Court to impose a prison sentence of 35 years. (Filing No. 49 at 29.) The Court ultimately sentenced Mr. Faucett to 30 years in prison and then the rest of his life on supervised release. *Id.* at 35, 36.

In explaining the basis for Mr. Faucett's sentence, the Court noted several facts that made his crimes especially heinous. His victim was a young child and his granddaughter, entrusted to his care, and asleep at the time of his actions. *Id.* at 39. He perpetrated these crimes on the only two occasions when he had access to his granddaughter. *Id.* at 39. He knowingly risked passing

---

[1] In 2002, Mr. Faucett drove his vehicle while he was intoxicated and caused the death of another driver. He was convicted of Operating a Vehicle While Intoxicated, misdemeanor and Reckless Homicide, felony.

a sexually transmitted disease to his granddaughter. *Id.* at 40. At the same time, the Court decided against imposing the life sentence recommended by the guidelines. A 30-year prison term, the Court noted, would "still leave Mr. Faucett time to make amends to the society." *Id.* at 40. The Court found that Mr. Faucett would benefit from sex offender treatment and, at his attorney's request, recommended that he be placed at a facility with a sex offender treatment program. *Id.* at 40, 41, 42-43.

Mr. Faucett is presently 57 years old and he is in the custody of the federal Bureau of Prisons ("BOP") at FCI Fort Dix in Fort Dix, New Jersey. (Filing No. 67-4 at 1.) He has served less than nine years of his prison sentence and is scheduled to be released from prison in February 2037. *See* https://www.bop.gov/inmateloc/. During his incarceration, Mr. Faucett has completed numerous educational and substance abuse programs. *Id.* at 1, 3. However, there is no indication that he has completed any sex offender treatment as recommended by the Court at sentencing.

The Government opposes Mr. Faucett's motion and argues that he has only superficially pertinent health issues, and a detailed review of his medical records show that he has not established the existence of extraordinary and compelling reasons warranting release. (Filing No. 71.) In addition, the Government notes that Mr. Faucett has not tested positive for COVID and the BOP has taken significant measures to protect the health of the inmates in its charge, particularly at FCI Fort Dix which had not positive tests. *Id.* at 17. The Government further argues that Mr. Faucett is not a good candidate for release given the nature of his child exploitation crimes.

In his reply, Mr. Faucett asserts that his conditions combined with his age create extra-ordinary circumstances. He also notes that FCI Fort Dix now has one active COVID-19 case at its facility. The active case is from a staff member, "who the Court can infer had regular contact with the inmate population, and consistently moved in and out of different parts of the facility.

Unfortunately, it appears that regardless of the safety measures that were implemented, FCI Fort Dix has been unable to limit the risk of exposure for its inmates." (Filing No. 72 at 5.)

## II.   LEGAL STANDARDS

Under 18 U.S.C. § 3582(c)(1)(A), the court may "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable." The court may do so only "if it finds that extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i).

The applicable policy statement—§ 1B1.13 of the Sentencing Guidelines—requires the court to make three findings before reducing a defendant's sentence under § 3582(c)(1)(A). First, the court must find that "[e]xtraordinary and compelling reasons warrant the reduction" and that the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the court must determine that the defendant is not "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the court must find that the reduction is warranted by the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

As noted above, the § 3553(a) factors preclude a reduction in this case. The factors pertinent to Mr. Faucett's motion are "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed—":

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §3553(a)(1)–(2).

## III.  ANALYSIS

The parties devote significant attention to Mr. Faucett's medical conditions, the current conditions at his prison, and the extent to which continued incarceration endangers him.  While the Court acknowledge these arguments, it focuses this ruling on the sentencing factors at 18 U.S.C. § 3553(a).  In taking this approach, the Court does not suggest that Mr. Faucett's medical conditions or the risk he faces from COVID-19 are insignificant.  Rather, the Court finds that the § 3553 factors weigh dispositively against modifying Mr. Faucett's sentence, even when the risks of COVID-19 are considered.

Mr. Faucett has medical conditions that place him at a heightened risk of developing severe symptoms if he contracts COVID-19.[2]  Those risks do not, however, outweigh the other sentencing factors, and reducing his sentence at this time would not serve the interests codified at § 3553(a).  The horrific nature and circumstances of his offense have not changed during his incarceration.  Releasing him after serving such a small fraction of his sentence would not reflect the seriousness of his offense or deter similar conduct.  And, although Mr. Faucett has taken some steps to better himself while imprisoned, he does not indicate that he has addressed the issues that led him to commit his crimes.

---

[2] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#serious-heart-conditions (last visited Aug. 21, 2020) (identifying diabetes and obesity as conditions that increase the risk of severe COVID-19 symptoms and hypertension as a condition that may increase the risk of severe COVID-19 symptoms).

Of course, the nature and circumstances of Mr. Faucett's crimes have not changed since he committed them in 2010. The sordid nature of his crimes would warrant a serious sentence even if separated from the circumstances under which he carried them out. Mr. Faucett took a six-year-old girl into his home and took pictures of her bare genitals while she slept. He placed his own tongue and genitals next to her. In doing so, he knowingly risked transmitting a painful and incurable sexually transmitted infection and disease.

The circumstances under which Mr. Faucett perpetrated these crimes only amplify their horrid nature. His victim was his own granddaughter. Mr. Faucett's daughter allowed him to babysit the victim so that he would be able to reconnect with the child after time apart. He violated the trust of his daughter when he used each visit as an opportunity to sexually prey on his six year old granddaughter.

At sentencing, the Court discussed positive characteristics weighing in Mr. Faucett's favor, including the facts that he attended college, maintained self-employment, and completed treatment for alcoholism after being arrested. (Filing No. 49 at 40.) Mr. Faucett argues that he has continue to use his time in prison to improve himself, particularly through mental health counseling and educational and substance abuse programs. He also calls attention to a record of good behavior in prison. These efforts should be celebrated. However, for reasons discussed below, they are do not to warrant immediate release at this point, which is the only relief Mr. Faucett seeks.

Mr. Faucett acknowledges that he has served just over a quarter of his 30-year prison sentence. The child victim is still not an adult. Were the Court to reduce his sentence to time served at this point, it would modify his sentence to one that does not accurately reflect the seriousness of his crimes or adequately deter others from similar conduct. A nine-year prison term is not trivial—but neither were Mr. Faucett's crimes. The Sentencing Guidelines recommended

that Mr. Faucett spend the remainder of his life in prison. The Court instead imposed a sentence of 30 years, seeking to seriously punish Mr. Faucett's heinous crimes, allow rehabilitation, and still afford an opportunity to leave prison alive and make amends with those he harmed. (Filing No. 49 at 40.) The Court would destroy that balance by reducing Mr. Faucett's sentence so sharply and so soon.

At sentencing, the Court discussed Mr. Faucett's need to undertake treatment to address the root of his crimes: his admitted interest in child pornography. *Id.* at 40. At his attorney's specific request, the Court recommended that Mr. Faucett be placed in a facility where he could pursue such treatment. *Id.* at 42–43. Yet any reference to such treatment is conspicuously absent from Mr. Faucett's extensive discussion of mental health treatment and programs.

Accordingly, the Court cannot find that Mr. Faucett is substantially closer to completing necessary correctional treatment—or that the public is substantially better protected from further crimes by Mr. Faucett—than when he was sentenced in 2012. This is true regardless of Mr. Faucett's health and the fact that he will remain on supervised release for the rest of his life, whenever he leaves prison. In reaching this conclusion, the Court finds it significant that Mr. Faucett committed his crimes in his own home and against a member of his own family. The Court is not persuaded that even extensive supervision will counteract his need for correctional treatment to address the root cause of his crimes.

## IV.  CONCLUSION

For the reasons outlined above, Mr. Faucett's Motion for Reduction in Sentence, (Filing No. 67), is **DENIED**.

**SO ORDERED.**

Date:  8/25/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mario Garcia
BRATTAIN MINNIX & GARCIA
mario@bmgindy.com

Gayle Helart
UNITED STATES ATTORNEY'S OFFICE
gayle.helart@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov